# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| TROY WRIGHT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00117-RK |
| | ) | Case No. 4:14-cr-00265-RK-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Movant Troy Wright pleaded guilty to offenses related to a string of robberies and was sentenced to a total term of 300 months of imprisonment. (Crim. Docs. 13, 75.[1]) Before the Court is Wright's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. (Docs. 1, 5.) For the reasons below, Wright's motion is **GRANTED** but only to the extent that Wright is permitted an out-of-time appeal of his related criminal case. Wright's ineffective-assistance claims are **DISMISSED without prejudice**.

On February 7, 2018, the Court pronounced Wright's sentence. Wright did not appeal. On February 12, 2018, Wright filed the instant § 2255 motion raising four ineffective-assistance claims, including a claim that his counsel failed to file a requested notice of appeal. On May 9, 2018, the Government filed its response to the motion, in which it requested that Wright be appointed counsel and an evidentiary hearing be held on Wright's claim that his counsel failed to file a requested appeal. Wright filed a reply on July 16, 2018. On August 13, 2018, the Court appointed the Office of the Federal Public Defender of the Western District of Missouri to represent Wright for the limited purpose of assisting him with an evidentiary hearing on this one claim.

On November 20, 2018, the Court held an evidentiary hearing. Wright's evidence at the hearing included a copy of a letter that Wright attested to having sent to the Court following his

---

[1] "Crim. Doc." refers to the docket number entries in Wright's criminal case. "Doc." refers to the docket number entries in Wright's civil case.

February 7, 2018 sentencing hearing. Wright had in fact filed a *pro se* letter on February 28, 2018.[2] (Crim. Doc. 100.) In pertinent part, the letter reads:

> I was writing you concerning my appeal, I had 14 days to appeal my sentence and I intended to do so but I have not been able to contact my lawyer since the sentencing Feb 7th and I don't know how to do so on my own, I was wondering if there was a way to get a court appointed lawyer for my appeal if thats [sic] possible[.] . . . [B]y all means I do want to appeal my case[.]

(*Id.*) Evidence presented by Wright at the hearing also included an email sent by Wright from his prison email account to his sister on February 8, 2018, the day after his sentencing hearing. In his email, Wright states: "[I] need ya'll to ask [my attorney] how do [I] file my appeal."

In light of Wrights' February 28 letter and February 8 email, the Court will grant Wright's motion but only to the extent that he will be afforded an out-of-time appeal and dismiss his ineffective-assistance claims without prejudice.[3] The Court emphasizes that in concluding to grant Wright a belated appeal in his related criminal case, the Court has not determined the merits of Wright's ineffective-assistance claims. *United States v. Wilson*, No. 8:09-cr-00198-SCB-TGW, 8:10-cv-2341-T-24-TGW (M.D. Fl. Jan. 11, 2011) (granting § 2255 motion but only to the extent that the movant may file a belated appeal in the related criminal case without determining the merits of movant's ineffective-assistance claims), *aff'd*, 445 F. App'x 203 (11th Cir. 2011). In granting an out-of-time appeal, the Court will utilize the procedure prescribed by the Eighth Circuit. *United States v. Beers*, 76 F.3d 204 (8th Cir. 1996) (the proper procedure for granting an out-of-time appeal of a criminal judgment through a meritorious § 2255 motion is to vacate and reimpose sentence, and advise the movant of a new appeal deadline); *see United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000) (adopting the Eighth Circuit's approach in *Beers* in affirming the grant of an out-of-time appeal of a criminal sentence by a § 2255 motion four years after the sentence was rendered); *see Wilson*, 445 F. App'x 203, 205-206 (concluding that the preferred

---

[2] At the time of the hearing, neither Wright's court-appointed counsel nor the Government was aware that the letter had been filed because the Clerk's Office docketed Wright's letter as correspondence using a court-only accessible event in ECF.

[3] The Court has considered an alternative ruling, but elects to proceed to grant Wright's § 2255 motion as set forth in this Order. The alternative ruling would be to dismiss the § 2255 motion for lack of jurisdiction, finding that Wright's *pro se* February 28 letter to the Court constitutes a notice of appeal filed out-of-time especially when construed with Wright's February 8 email introduced at the November 20 evidentiary hearing. This case is unusual in that the Court now has the benefit of evidence that gives significant context to an earlier filed *pro se* letter. The Court has concluded that granting the § 2255 motion as set forth in this Order best reconciles the case's unique disposition.

procedure when granting an out-of-time appeal by a § 2255 motion "is to dismiss the additional claims without prejudice or to hold the claims in abeyance until the direct appeal is resolved.").

Therefore, the Court orders as follows:

1. Troy Wright's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **GRANTED** to the extent that Wright is granted an out-of-time appeal of his related criminal case. Wright's ineffective-assistance claims are **DISMISSED without prejudice**.

2. The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment. After which, the Court will direct the Clerk to file a notice of appeal in the related criminal case and appoint Wright new counsel for the purpose of his appeal.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: December 11, 2018